Robert A. HERSEY, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–700.

United States Court of Veterans Appeals.

Argued Sept. 25, 1991.

Decided Jan. 21, 1992.

As Amended Feb. 14, 1992.

**92**

Joseph A. Violante, with whom Andrew H. Marshall, non-attorney practitioner, was on the brief, for appellant.

Carolyn F. Washington, with whom Robert E. Coy, Acting General Counsel, Barry M. Tapp, Asst. General Counsel, Pamela L. Wood, Deputy Asst. General Counsel, were on the brief, for appellee.

Before FARLEY, MANKIN and STEINBERG, Associate Judges.

MANKIN, Associate Judge:

Robert A. Hersey, a veteran, appeals from an April 4, 1990, Board of Veterans' Appeals (BVA) decision affirming the denial of entitlement to a total disability rating for compensation purposes based on individual unemployability due to his severe hypertensive cardiovascular disease. Because we find the BVA's factual determination that appellant is employable to be "clearly erroneous", we reverse the BVA decision and remand the case with instructions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Hersey served on active duty from January 1967 to November 1969. R. at 2. The onset of hypertension was noted while he was in the U.S. Army. His angina and dyspnea became manifest in 1984. R. at 6, 63. Following discharge, appellant attended college for 2 years. R. at 29, 92.

The Veterans' Administration (now Department of Veterans Affairs) (VA) Re-gional Office (RO) issued a rating decision of April 4, 1983, which granted appellant a 60% disability rating for service-connected hypertensive cardiovascular disease. After this decision, Dr. Charles T.B. Coyne, a private treating physician, made a prognosis on August 29, 1983, that the veteran "will be hypertensive indefinitely and he will be required to be on medication(s) indefinitely, in all probability. His disability is of a permanent nature (to exceed one year)." R. at 64. On October 26, 1983, Dr. Coyne stated that Hersey's "medical condition is presently unstable.... and conclude[d] that this instability is long standing. A cure is not expected in the foreseeable future." R. at 66. At that time, appellant was diagnosed as having "severe hypertension". R. at 67. His last day of full time work was January 24, 1984, when he worked as a civilian airfield fire fighter at Pease Air Force Base, where he had been working for the past 10 years. R. at 28, 84. Appellant currently receives a federal disability pension check from the federal government because he was forced to retire early due to his heart condition, and is now confined to a wheelchair. R. at 84–86.

On October 22, 1984, Dr. Coyne concluded that while appellant's "morbid obesity" contributes to his hypertension, "Mr. Hersey is unemployable for any job because I question if any employer would want to assume the risk involved with hiring a person with this diagnosis, prognosis and symptomatology." R. at 68, 69. Hersey claimed a Federal income tax credit based on his early retirement due to cardiovascular disease, the resulting disability pension, and Dr. Coyne's statement that appellant is "permanently and totally disabled". R. at 70. Dr. Coyne also wrote to New York Life Insurance Company on March 21, 1985, stating that Hersey is "permanently and totally disabled as a result" of malignant hypertension and hypertensive cardiovascular disease. R. at 71. Consequently, on June 13, 1985, the Company waived his premiums due to his total disability. Dr. Coyne's opinion of Hersey's condition remained unchanged on February 9, 1986. According to a Duty Status Report of the

Department of Labor, Hersey was then limited to 8 hours a day of little or no sedentary lifting up to a maximum of 10 pounds. R. at 73.

On June 16, 1988, Hersey was examined by VA physician, Dr. G. Douglas Adamson, and many tests were performed at the VA outpatient treatment clinic for follow-up treatment of his heart condition. Dr. Adamson noted on the medical chart that Hersey "should be classed as totally disabled by Amer[ican] Heart Assoc[iation] standards and followed closely by a cardiologist/internist to try to better control his hypertension and stop progression of kidney disease and heart disease." R. at 7, 44. A June 16, 1988, lab result revealed that his heart was slightly enlarged, representing an increase in size since the previous exam of 1983.

On September 15, 1988, the VARO confirmed a 60% disability rating for service-connected hypertensive cardiovascular disease that had been in effect since the April 4, 1983, rating decision. R. at 21. On September 16, 1988, Dr. Gary Fagin, a private treating physician, sent a letter to the VA explaining appellant's heart condition and restrictions. On November 7, 1988, Hersey filed a claim for an increased schedular rating and unemployability. On December 2, 1988, Dr. Fagin placed specific restrictions on Hersey: "no lifting, driving, stair climbing, smoking, exposure cold or environmental pollution, avoidance of stressful environ[ments]." R. at 26. For purposes of disability under the Social Security Act, Dr. Fagin gave Hersey a physical impairment rating of "Class 5—Severe limitation of functional capacity; incapable of minimal (sedentary) activity. (75%–100)." R. at 26. Hersey's prognosis was "no improvement expected." The record indicates that Hersey had been treated for his heart condition between July 26, 1983, and July 27, 1988. On January 6, 1989, the VARO issued a rating decision denying the appellant entitlement to total disability benefits based on individual unemployability and continuing the 60% rating for his hypertensive heart disease granted in 1983. R. at 31.

On May 17, 1989, Dr. Fagin stated that in light of Hersey's cardiac history, he had not been able to perform gainful employment and that "perhaps invasive testing should be considered in light of his persistent symptoms." R. at 82. Dr. Fagin had also suggested cardiac catheterization to determine the extent of damage to the coronary arteries. On September 20, 1989, a VA hearing officer affirmed the VARO decision to deny Hersey's claim for a schedular 100% disability rating and did not find any evidence to warrant a total disability rating based on individual unemployability. R. at 103.

On April 4, 1990, the BVA concluded that, "[t]he veteran is not unemployable due to his service-connected disorder, and a total rating on account of individual unemployability due to service-connected disorders is not warranted." *Robert A. Hersey*, BVA 90–08028, at 4 (Apr. 4, 1990). From that BVA decision, appellant brings his appeal to this Court.

## II. ANALYSIS

In the Secretary's motion for remand, it was conceded that the BVA's rationale for its determination is sparse and that it failed to comply with the standard set forth by 38 U.S.C. § 7104 (formerly § 4004) and *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990) "that the BVA articulate with reasonable clarity its 'reasons or bases' for its decisions." Appellant opposed the motion, and the Court denied the motion for remand on July 2, 1991. It is undisputed between the parties that the BVA failed to provide adequate reasons or bases for its decision to deny a total rating based on its finding that appellant was capable of substantially gainful employment. Appellant, however, requests further relief based on the merits of his case. The issue of inadequate "reasons or bases" for the BVA's conclusion is not dispositive of this case; therefore, the Court proceeds to decide the merits of appellant's claim on other grounds.

When reviewing factual determinations made by the BVA, the Court's scope of review is governed by 38 U.S.C.

§ 7261(a)(4) (formerly § 4061), which states that:

In any action brought under this chapter, the Court of Veterans Appeals, to the extent necessary to its decision and when presented, shall—

. . . . .

(4) in the case of a finding of material fact made in reaching a decision in a case before the Department with respect to benefits under laws administered by the Secretary, hold unlawful and set aside such finding if the finding is clearly erroneous.

■ A factual finding "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *Brannon v. Derwinski*, 1 Vet.App. 314, 317 (1991); *Spencer v. Derwinski*, 1 Vet.App. 125, 126–27 (1991); *Gilbert*, 1 Vet.App. at 52–53.

If the [factfinder]'s account of the evidence is plausible in light of the record viewed in its entirety, the [reviewing court] may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

*Gilbert*, 1 Vet.App. at 52 (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985)). The Court must now determine, under the standard announced by the Supreme Court and in *Gilbert*, whether the BVA's factual findings are clearly erroneous.

■ The veteran's initial claim was for a total disability rating based on an increased schedular rating to 100%, or based on individual unemployability due to his 60% service-connected disability, for hypertensive heart disease. A "[t]otal disability will be considered to exist when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation." 38 C.F.R. §§ 3.340(a)(1), 4.15 (1991). Permanent total disability exists when the "impairment is reasonably certain to continue throughout the life of the disabled person." 38 C.F.R. §§ 3.340(b), 4.15 (1991). If a total rating is "based on a disability … for which the Schedule for Rating Disabilities provides an evaluation of less than 100 percent, it must be determined that the service-connected disabilities are sufficient to produce unemployability without regard to advancing age." 38 C.F.R. § 3.341(a) (1991).

For entitlement to a total disability rating, either the veteran 1) must be rated as totally disabled (100%) under the Schedule for Rating Disabilities, or 2) must be rated at least 60 percent or more if there is only one disability which affects a single body system, in this case, the cardiovascular-renal system, and the veteran is found to be unemployable. *See* 38 C.F.R. § 4.16(a)(3) (1991). A veteran who is "unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled." 38 C.F.R. § 4.16(b) (1991). As the claim progressed, the appellant focused his appeal on a total rating based on individual unemployability, not on a schedular rating, so the Court will limit its holding to that issue.

The BVA found that the evidence did not demonstrate that appellant's heart condition was "so debilitating as to preclude the veteran from securing and maintaining substantially gainful employment, consistent with his education and occupational background." *Hersey*, BVA 90–08028, at 3–4. The BVA acknowledged the June 1988 VA examination assessment of "severe arteriosclerotic cardiovascular disease with hypertension," yet focused primarily on the fact that the appellant is obese to discount all of the medical evidence, an approach that is clearly in violation of *Colvin v. Derwinski*, 1 Vet.App. 171 (1991). The BVA also centered its attention on an unrelated back injury that was not even part of the claim, nor documented as the

cause of appellant's unemployability, and justified its denial of a total disability rating on the rationale that Hersey attended college for two years. *Hersey*, BVA 90–08028, at 4.

The BVA additionally disregarded the following overwhelming evidence confirming appellant's unemployability: 1) Dr. Coyne, Dr. Adamson, and Dr. Fagin have stated that Hersey is totally disabled; 2) both Dr. Coyne and Dr. Fagin have stated that he is unemployable for any job because of the severe restrictions on his activity; 3) he may be totally disabled for IRS purposes; 4) he received a waiver of insurance premiums due to his total and permanent disability status; 5) he is getting a pension because he was forced into early retirement from federal employment due to his permanent disability of hypertensive heart disease; and 6) according to several reports, he is only able to do less than sedentary labor, which warrants a 100% rating according to 38 C.F.R. § 4.104, DC 7007 (1991). There is absolutely no plausible basis for the BVA's statement that his disability was "not of sufficient severity so as to preclude him from engaging in substantially gainful employment consistent with his education and occupational experience." *Hersey*, BVA 90–08028, at 4. The Court finds that the BVA's determination that appellant is not unemployable is clearly erroneous in light of the uncontroverted evidence in appellant's favor.

### III. CONCLUSION

Pursuant to its authority under 38 U.S.C. § 7261(a)(4) (formerly § 4061), the Court reverses the April 4, 1990, decision of the BVA and remands the case to assign a total disability rating from November 7, 1988, the date of appellant's claim for individual unemployability.