Joseph E. SLATER, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 91–1762.

United States Court of Veterans Appeals.

Jan. 13, 1993.

**44**

Joseph E. Slater, pro se.

James A. Endicott, Jr., Acting Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Leonard J. Selfon, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and IVERS, Associate Judges.

PER CURIAM:

Appellant, Joseph E. Slater, appeals from an August 6, 1991, Board of Veterans' Appeals (Board or BVA) decision which denied entitlement to service connection for a bilateral ear disorder and bilateral hearing loss. The Secretary of Veterans Affairs, in turn, moved for summary affirmance. We affirm the Board's decision.

Appellant served in the United States Navy as an aviator from October 1942 to November 1945. His service medical records (SMRs) reveal that he entered the service with a healed scar on the right eardrum, as well as an opaque area on the left eardrum, R. at 16, but that his hearing was otherwise normal. R. at 11–14. Examinations given in the 1950's, during naval reserve service, also indicated normal hearing. R. at 60–64.

He filed for service connection for his ear disorder and hearing loss in 1988. He was provided a Veterans' Administration (now the Department of Veterans Affairs) (VA) examination, which diagnosed him with bilateral high frequency sensorineural hearing loss, moderate to severe on the right, and mild to moderately severe on the left. R. at 79–86. He subsequently submitted a letter from Dr. Heinz H.E. Scheidelmandel, in which the doctor opined, "I understand [appellant] was a pilot from 1942 until January 1946 and exposed to excessive noise and propeller planes flying for the U.S. Navy. The hearing loss is most likely the result of this noise exposure with some additional loss added on due to his age of 73." R. at 100. The Regional Office denied his claim, R. at 113, as did the Board. He appealed to this Court.

■ Appellant asserts error in the Board's determination that neither a bilateral ear disorder nor bilateral defective hearing was incurred in or aggravated by the veteran's wartime service. 38 U.S.C. §§ 1110 and 1112 (formerly §§ 310 and 312). Factual determinations by the Board can only be held unlawful and set aside when found to be clearly erroneous. 38 U.S.C. § 7261 (formerly § 4061). A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gilbert v. Derwinski*, 1 Vet.App. 49, 52 (1990) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). This Court will affirm the Board's factual findings, even where we might have reached another determination, as long as a plausible basis exists in the record for the Board's findings. *Id.* at 52–53.

■ Here, the record on appeal contains a plausible basis for the Board's denial of service connection. The SMRs reveal that appellant entered service with scarring on both eardrums, and all audiometric evaluations in service revealed normal hearing. Although the record also contained Dr. Scheidelmandel's letter to the effect that appellant's hearing loss resulted from noise exposure in service, the Board provided adequate reasons or bases for rejecting that testimony:

> This opinion of the private physician is based on speculation, as there is no clinical basis for attributing a hearing loss to subjectively described acoustic trauma which occurred more than 40 years earlier, rather than to any other of the probably intervening known causes of sensorineural hearing loss.

*Joseph E. Slater*, BVA 91–23443, at 4 (Aug. 6, 1991).

Accordingly, the decision of the Board is AFFIRMED.