IVERS, Chief Judge,
dissenting:
Because Judge Hagel finds that the majority errs in its analysis regarding the *156 applicability of Disabled Am. Veterans v. Sec’y Veterans Affairs, 327 F.3d 1339 (Fed.Cir.2003), to this matter, while engaging in impermissible factfinding to reach its conclusion that reversal, rather than remand is the appropriate remedy, I join in his separate statement. However, I write separately to address my own concerns that, in its effort to reach a clearly sympathetic outcome, the majority ignores this Court’s role as an appellate body, and parses the medical evidence of record to arrive at that outcome.
As Judge Hagel correctly states in his dissent, this Court, as an appellate body, is prohibited both by statute and longstanding precedent, from making initial findings of fact. See 38 U.S.C. § 7261(c); Andre v. Principi, 301 F.3d 1354 (Fed.Cir.2002); Elkins v. Gober, 229 F.3d 1369 (Fed.Cir.2000); Hensley v. West, 212 F.3d 1255 (Fed.Cir.2000). The Federal Circuit has stated, with uncompromising clarity, that lest this Court become á factfinder, rather than a court of appellate review, “fact-finding is to be performed by the expert BVA”, not by the judges of this Court. Elkins, 229 F.3d at 1377. Here, however, the majority determines that a mistake has been made, then goes well beyond the bounds of appellate jurisprudence, and engages in factfinding to support the credibility of its own findings in support of that determination. Rather than reviewing the Board’s application of the law and arriving at its decision to reverse the Board’s finding that the evidence preponderates against Mr. Padgett’s claim for entitlement to service connection for osteoarthritis of the right hip on a secondary basis, and because “[it] is left with a definite and firm conviction that a mistake has been committed”, Gilbert v. Derwinski, 1 Vet.App. 49, 52 (1990), the majority appears not only to review the evidence de novo, but also parses the evidence, substituting its judgment for that of the Board. Ante at 146-48. In order to reach its conclusion that reversal rather than remand is proper here, the majority must know with certainty that, but for the flaws in the VA examinations, the Board would have found in the appellant’s favor. By weighing and discounting some of evidence, the majority leaves only medical evidence favoring the appellant’s claim. That evidence, by the Court’s action, then becomes uncontroverted.
While I do not disagree with the majority’s statement that “the existence of some controverting evidence ... does not preclude this Court from carrying out the mandates in section 7261(a)(4) and (b)(1)”, I must strongly disagree with the majority’s treatment of our jurisprudence in both Hersey v. Derwinski, 2 Vet.App. 91 (1992), and Hicks v. Brown, 8 Vet.App. 417 (1995). The language in Hicks that reversal is the appropriate remedy when there is absolutely no plausible basis for the BVA’s decision and where that decision is clearly erroneous in light of the uncontroverted evidence in the appellant’s favor derives from our decision in Hersey, which had characterized the evidence in the appellant’s favor as “uncontroverted” and did not add that criterion to the standards for a finding of “clearly erroneous.” Hersey and Hicks were thereafter followed in a number of opinions requiring that the evidence in favor of the appellant be uncon-troverted for reversal,- an unanticipated result. See, e.g., Pentecost v. Principi, 16 Vet.App. 124, 129 (2002); Ardison v. Brown, 6 Vet.App. 405, 409 (1994).
I agree with Judge Hagel that correcting the course of our jurisprudence where it appears to veer from its intended course is a welcome outcome of this matter and I concur in that correction, even though this is not an appropriate case in which to overrule Hersey or Hicks. The majority here eliminates the VA evidence against *157 the claim on the bases that one opinion was based on an inaccurate premise and that the other was rendered without the appellant’s claims file without regard to the entirety of the evidence of record. By parsing the evidence in this manner, and ignoring the extenuating factors of the appellant’s weight (described as variously as “obese” and “morbidly obese”) (R. at 226-27, 325), medical and family history of degenerative arthritis (R. at 226, 230, 325, 340, 363, 418-20), the only remaining medical evidence favors of the appellant’s claim, and, unlike both Hersey and Hicks, where the evidence was, indeed, uncontroverted, the evidence here truly becomes uncontro-verted as a result of the Court’s action. Because it would decide the case differently than the Board below, the majority, feeling that a mistake has been made, does not merely consider and weigh all of the evidence, it discriminates among the evidence and then reaches its result.
The majority’s desire to elevate the concurrence in Gilbert, without expressly overruling Gilbert’s holding, is palpable, but this is not the case in which to do so. Even if we agree that the concurrence in Gilbert should be given more weight, to do so by slighting our responsibility as an appellate court is wrong. In Gilbert, this Court adopted the definition of “clearly erroneous” put forward by the Supreme Court in United States v. U.S. Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948), and in Anderson v. City of Bessemer City, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Since Gilbert, the Court has continued to apply this definition. See Duenas v. Principi, 18 Vet.App. 512, 519 (2004); Burris v. Principi 15 Vet.App. 348, 353 (2001); Bowling v. Principi, 15 Vet.App. 1, 15-16 (2001); Pond v. West, 12 Vet.App. 341, 345 (1999); Villano v. Brown, 10 Vet.App. 248, 249-50 (1997); Slater v. Principi 4 Vet.App. 43, 44 (1993) (per curiam order); Hersey, 2 Vet.App. at 94. While it may be appropriate and timely to reexamine Gilbert, the facts of this case do' not lend themselves to doing so. Here again, the extenuating factors of the appellant’s weight, medical and family history of degenerative arthritis complicate the evidence confronting both the Board below and this Court on appeal.
The majority’s approach throughout this matter is illustrative of the danger inherent in applying the arguably subjective standard that, when “the reviewing court ... is left with a definite and firm conviction that a mistake has been made,” (Gilbert, 1 Vet.App. at 52) without the tempering effect of a review of the “entire” evidence and a recognition of the rarity of fact-finding in the appellate process.
Lastly, I note that the majority, without addressing the Court’s longstanding rejection of the “Treating Physician Rule” (see Winsett v. West, 11 Vet.App. 420 (1998); Guerrieri v. Brown, 4 Vet.App. 467, 473 (1993); Chisem v. Brown, 4 Vet.App. 169, 176 (1993)), comes perilously close to its adoption by its approach to the appellant’s private treating physicians. By failing to address the nonapplicability of the Treating Physician Rule, while appearing to apply it, the majority leaves in question the status of this Court’s long-held position on this matter, and may, in fact, sub silentio, appear to overturn our previous holdings on this matter.