**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 03-1628

CRISPIN B. UNTALAN, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued May 4, 2006                    Decided   June 21, 2006   )

*Kenneth M. Carpenter*, of Topeka, Kansas, with whom *Jeffrey J. Wood*, of York, Pennsylvania, was on the brief for the appellant.

*Tracy K. Alsup*, with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Carolyn F. Washington*, Deputy Assistant Counsel; and *Nolan D. Paige*, Deputy Assistant Counsel, all of Washington, D.C., were on the brief for the appellee.

Before KASOLD, HAGEL, and SCHOELEN, *Judges*.

KASOLD, *Judge*, filed the opinion of the Court.  HAGEL, *Judge*, filed a concurring opinion.

KASOLD, *Judge*:  Crispin B. Untalan appeals though counsel a June 2, 2003, decision of the Board of Veterans' Appeals (Board) that declined to reopen his claim for disability compensation benefits that had been forfeited pursuant to 38 U.S.C. § 3504(a) (now 38 U.S.C. § 6104(a)) based on a determination that Mr. Untalan had assisted an enemy of the United States.  Mr. Untalan argues that the Board erred, as a factual matter and as a matter of law, in finding that his testimony regarding his *mens rea* at the time that he rendered assistance to the enemy did not constitute new and material evidence pursuant to 38 U.S.C. § 5108.  The Secretary asserts that the Board's determination that Mr. Untalan has not provided new and material evidence is supported by a plausible basis in the record.  For the reasons set forth below, the Board's decision will be affirmed.

# I. BACKGROUND

Mr. Untalan served in the Philippines at the time of the Japanese invasion and occupation during World War II. He had beleaguered status from January 1942 to April 1942, prisoner of war (POW) status from April 1942 to September 1942, no-casualty status from September 1942 to April 1945, and regular Philippine Army service from April 1945 to March 1946. Record (R.) at 54. In April 1972, Mr. Untalan submitted a claim for disability compensation benefits, claimed as residuals of his POW experiences. R. at 48-52.

In an October 1976 decision, the director of VA Compensation and Pension Service determined that, under 38 U.S.C. § 3504(a), Mr. Untalan had forfeited entitlement to VA benefits because of his assistance to the Imperial Japanese Government and his sustained membership and service of 13 months in the Japanese-sponsored-and-controlled Bureau of the Constabulary (BC) during the Japanese occupation of the Philippines. R. at 93-98. Mr. Untalan did not appeal that decision.

In November 1993, Mr. Untalan requested that his claim for disability compensation benefits be reopened on the basis that new and material evidence had been submitted. In April 1994, a VA regional office (RO) determined that the information was not new and material and that the claim could not be reopened. R. at 121-22. Mr. Untalan timely appealed and after two Board remands (R. at 198-205, 233-40), two remands from this Court (R. at 218, 289), and further development, the Board determined in the decision here on appeal that the evidence submitted by Mr. Untalan was not new and material because the evidence advanced the same arguments and propositions that had been considered and rejected in the final October 1976 decision (R. at 1-21).

# II. ANALYSIS

## A. Evidence of *Mens Rea*

Pursuant to 38 U.S.C. § 5108, "if new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim." At the time Mr. Untalan filed his claim, the version of 38 C.F.R. § 3.156(a) then in effect stated that "[n]ew and material evidence means evidence not previously submitted to agency decisionmakers which bears directly and substantially upon the specific matter

2

under consideration, which is neither cumulative nor redundant, and which by itself or in connection with evidence previously assembled is so significant that it must be considered in order to fairly decide the merits of the claim." 38 C.F.R. § 3.156(a) (1993); *see also Elkins v. West*, 12 Vet.App. 209, 216 (1999) (en banc); *Evans v. Brown*, 9 Vet.App. 273, 283 (1996).

The Court generally reviews whether the appellant has submitted new and material evidence to reopen a prior claim under the "clearly erroneous" standard of review set forth in 38 U.S.C. § 7261(a)(4). *See Suaviso v. Nicholson*, 19 Vet.App. 532, 533 (2006) (reaffirming that the Court will generally apply the "clearly erroneous" standard of review). "A factual finding 'is "clearly erroneous" when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Hersey v. Derwinski*, 2 Vet.App. 91, 94 (1992) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The Court may not substitute its judgment for the factual determinations of the Board on issues of material fact merely because the Court would have decided those issues differently in the first instance. *Id*. Moreover, the Board is required to include in its decision a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record; that statement must be adequate to enable an appellant to understand the precise basis for the Board's decision, as well as to facilitate informed review in this Court. *See* 38 U.S.C. § 7104(d)(1); *Allday v. Brown*, 7 Vet.App. 517, 527 (1995); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56-57 (1990).

In the instant case, the Board reviewed the evidence received since the prior final disallowance and determined that the evidence presented was not new and material. *See Trilles v. West*, 13 Vet.App. 314, 322 (2000) (en banc) (holding that an attempt to have forfeited benefits restored "is essentially one to reopen the forfeiture matter in a procedure similar to reopening disallowed claims for VA benefits as mandated by 38 U.S.C. § 5108"). The Board noted that evidence submitted after the 1976 decision reflects that Mr. Untalan was sick with malaria, dysentery, and diarrhea while detained in the POW camp (*see* R. at 14; *see also* R. at 107, 109, 314, 316-17), that the conditions in the POW camp were inhumane with no medical care for the prisoners (*see* R. at 14-15; *see also* R. at 156, 314, 316-17), and that he believed that he would have died

3

unless he joined the BC and received proper medical care (*see* R. at 14-15; *see also* R. at 314, 316-17).

The Board found that this evidence was redundant of the previous evidence before the Secretary when, in 1976, he made the forfeiture decision. With regard to the evidence of Mr. Untalan's illnesses, the Board determined that the records prior to 1976 reflect that Mr. Untalan had dysentery and malaria as well as other disabilities while he was detained in the POW camp. *See* R. at 15; *see also* R. at 48, 49, 51. With regard to the evidence of his belief that he would have died in the POW camp unless he joined the BC, the Board found that the records prior to 1976 indicated that the conditions in the POW camp were inhumane, that the POWs lacked potable water and suffered from malnutrition, and that Mr. Untalan perceived the POW camps as "a systematic vengeance to kill the [POWs]." *See* R. at 15-16; *see also* R. at 47, 51. The Board further found that decisionmakers were aware in October 1976 of Mr. Untalan's assertions that he was "'forced by necessity to take an oath of allegiance' to the Japanese government." *See* R. at 15-16; *see also* R. at 78-79.

Moreover, to the extent Mr. Untalan packages previously known facts into an argument that his *mens rea* was not previously presented, his argument fails. The presentation of new arguments based on evidence already of record at the time of the previous decision does not constitute the presentation of new evidence. *See* 38 U.S.C. § 5108. Thus, upon a review of the record in its entirety, the Court finds that the Board's determination that no new and material evidence has been presented is plausible, supported by an adequate statement of reasons or bases and, therefore, cannot be said to be clearly erroneous. *See* 38 U.S.C. §§ 5108, 7104(d)(1), 7261(a)(4); *Hersey*, *supra*; 38 C.F.R. § 3.156.

## B. Issues Raised at Oral Argument

At oral argument, counsel for Mr. Untalan presented new issues not previously presented to the Court in his brief or in a motion. Specifically, he argued that (1) there is a pending and unadjudicated claim for compensation benefits; (2) the statute and regulations concerning new and material evidence do not apply to forfeiture cases; and (3) forfeiture proceedings could not be initiated until there is an award of benefits.

The Court has repeatedly discouraged parties from raising arguments subsequent to the initial briefing that were not presented in an initial brief to the Court. *See Carbino v. West*, 168 F.3d 32, 34 (Fed. Cir. 1999) ("improper or late presentation of an issue or argument . . . ordinarily should not be considered"), *aff'g sub nom. Carbino v. Gober*, 10 Vet.App. 507, 511 (1997) (declining to review argument first raised in appellant's reply brief); *Tubianosa v. Derwinski*, 3 Vet.App. 181, 184 (1992) (appellant "should have developed and presented all of his arguments in his initial pleading"); *Fugere v. Derwinski*, 1 Vet.App. 103, 105 (1990) ("Advancing different arguments at successive stages of the appellate process does not serve the interests of the parties or the Court. Such a practice hinders the decision-making process and raises the undesirable specter of piecemeal litigation."). The practice of presenting new issues at oral argument is even more discouraged and undesirable. *See, e.g.*, *McFarlin v. Conseco Servs., L.L.C.*, 381 F.3d 1251, 1263 (11th Cir. 2004) ("A party is not allowed to raise at oral argument a new issue for review."); *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1333 (Fed. Cir. 2001) ("It is well settled that an appellant is not permitted to make new arguments that it did not make in its opening brief."); *Tarpley v. Greene*, 684 F.2d 1, 7 n.17 (D.C. Cir. 1982) ("Oral argument on appeal is not the proper time to advance new arguments or legal theories."). Accordingly, the issues raised for the first time at oral argument will not be further addressed.

### III. CONCLUSION

Accordingly, the June 2, 2003, Board decision is AFFIRMED.


HAGEL, *Judge*, concurring: I concur fully in the Court's decision, but write separately to comment on a matter that I believe is of general importance to counsel appearing before the Court.

Throughout its existence, the Court has averaged in the neighborhood of 2,500 appeals filed annually. Oral argument is ordered in only a tiny fraction of those cases and only when the Court believes that doing so "will materially assist in the disposition of [an] appeal." *Winslow v. Brown*, 8 Vet.App. 469, 471 (1996). In this case, Mr. Untalan advanced only one assignment of error in his brief, which the Court believed raised a question of such significance that the Court proceeded to schedule oral argument. However, at oral argument, counsel for Mr. Untalan raised arguments that were not briefed, and did not discuss the argument that was briefed until he was prompted to do so

5

by the Court.  Although I am aware that this case was not argued by the same counsel that prepared Mr. Untalan's brief, that does not diminish the fact that raising new arguments at oral argument is not helpful to the Court, places a strain on judicial resources,  and deprives the Court of the further assistance of counsel in resolving a question in which the Court has expressed particular interest.