# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-1072

THERESE M. GEORGE-HARVEY, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided     June 29, 2007     )

*Mark R. Lippman,* of La Jolla, California, for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Brian R. Rippel*, Deputy Assistant General Counsel; and *John D. McNamee,* Senior Appellate Attorney; all of Washington, D.C., for the appellee.

Before GREENE, *Chief Judge*, and HAGEL and DAVIS, *Judges*.

HAGEL, *Judge*:  Therese M. George-Harvey appeals through counsel a May 13, 2004, Board of Veterans' Appeals (Board) decision in which the Board denied her claim for dependency and indemnity compensation.[1]  Record (R.) at 3, 15.  The Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a) to review the May 2004 Board decision.  Because Ms. George-Harvey was not prejudiced by any failure of VA in its duty to provide notice under 38 U.S.C. § 5103(a), the Court will affirm the May 2004 Board decision.

## I. FACTS

Veteran Aron Harvey served honorably in the U.S. Marine Corps from September 1975 to December 1996, including service in Somalia during Operation Restore Hope.  In March1999, a VA

---

[1]The Board decision phrases its finding as a denial of entitlement to service connection for the cause of the death of Ms. George-Harvey's husband, veteran Aron Harvey; service connection is one element of the claim for benefits.

regional office denied Mr. Harvey disability benefits for post-traumatic stress disorder and dysthymic disorder. Mr. Harvey had several service-connected disabilities, including low back pain with degenerative changes, impingement syndrome of the right and left shoulders, cervical strain, degenerative changes of the right and left knees, and headaches post head trauma. These conditions were assigned a combined disability rating of 50%, effective as of April 1997. R. at 66. Mr. Harvey had chronic low back pain following a laminectomy, for which he was prescribed morphine and other pain medications, but reported being in constant pain and was diagnosed with poor pain control. He was also in counseling for post-traumatic stress disorder and depression. On November 5, 1999, he was awarded total disability based on individual unemployability. On February 5, 2002, Mr. Harvey died in a single-vehicle accident when the truck he was driving left the road and struck a tree. The autopsy reported that his blood alcohol concentration was 0.22%.

Mr. Harvey's wife, Ms. George-Harvey, applied for dependency and indemnity compensation in March 2002, stating that her husband's service-connected disabilities created severe pain and depression and that the prescribed drugs and alcohol he used to dull the pain contributed substantially and materially to the cause of his death. In April 2002, the VA regional office sent Ms. George-Harvey a letter that attempted to explain VA's duty to assist her in her claim. The letter stated:

> We will try to help you get such things as medical records, employment records, or records from other Federal agencies. You must give us enough information about these records so that we can request them from the person or agency who has them. It's still your responsibility to make sure these records are received by us.
>
> We will also assist you by providing a medical examination or getting a medical opinion if we decide it's necessary to make a decision on your claim.
>
> . . . .
>
> [Regarding evidence showing a nexus between the cause of death and Mr. Harvey's disability]. This is usually shown by the death certificate, or in other medical records or medical opinions. We will request this medical evidence for you if you tell us about it. If appropriate, we may also try to get this evidence for you by requesting a medical opinion from a VA doctor, or you can give us a medical opinion from your own doctor.

R. at 291-92.

The regional office denied Ms. George-Harvey's claim in July 2002, without her having submitted any additional evidence. Ms. George-Harvey filed a Notice of Disagreement in September 2002, stating her belief that her husband's death was caused by his "secondary addiction to pain medication, including alcohol used to subdue his daily chronic physical pain and major depression." R. at 301. An April 9, 2003, letter from Dr. Robert Brunst stated that he had treated Mr. Harvey for several years with antidepressants to manage a major depression that stemmed from his chronic back pain due to service injuries. R. at 304. Ms. George-Harvey also submitted a letter from Dr. Karen Schoenfeld-Smith, a licensed psychologist, who treated Mr. Harvey in group and individual therapy at the Vista Vet Center, Vista, California, from April 1997 until March 2001, addressing his service in Somalia and chronic pain. R. at 306.

On May 30, 2003, the regional office issued a Statement of the Case finding no service connection for the cause of Mr. Harvey's death, following consideration of VA treatment records and examination reports, counseling records from the Vista Vet Center from May 1997 to May 2001, Ms. George-Harvey's Notice of Disagreement, and the statement from Dr. Brunst. R. at 310. The regional office found that "[T]here is no evidence in any of the veteran's records that he had a problem with drug or alcohol addiction or misuse as a result of depression or his orthopedic problems." R. at 324. According to the Statement of the Case, the regional office performed a de novo review. "This means that we have done a new and complete review of the evidence in your claim file without deference to the prior VA Rating Decision." R. at 323.

Ms. George-Harvey appealed to the Board in July 2003, submitting statements from neighbors and others as lay evidence to support her contention that Mr. Harvey self-medicated with alcohol to ease his chronic service-connected pain; she argued that this self-medication contributed to the accident that caused his death. In October 2003, the regional office issued a Supplemental Statement of the Case that considered the statements Ms. George-Harvey had submitted, but found that service connection was not established for the cause of Mr. Harvey's death. "Although the above statements note the veteran had a history of alcohol usage, and in [the neighbor's] statement she noted the veteran drank to self[-]medicate due to pain, this is based on lay testimony only with no supporting medical evidence demonstrating the veteran was in fact using alcohol to self[-]medicate." R. at 339-340.

3

On October 2003, Ms. George-Harvey perfected her appeal to the Board, stating, "I have no further information." R. at 342. The Board denied her claim in the May 2004 decision now before the Court.

In its decision, the Board found that there was no competent medical evidence to support Ms. George-Harvey's assertion that "the intoxication that led to [Mr. Harvey's] death was the result of [his] use of alcohol to relieve pain resulting from service-connected disability." R. at 2. In addition, the Board found that Ms. George-Harvey had been given notice as required by the Veterans Claims Assistance Act, P.L. No. 106-475, 114 Stat. 2096 (codified in part at 38 U.S.C. § 5103(a)), through the July 2002 regional office decision, the May 2003 Statement of the Case, the October 2003 Supplemental Statement of the Case, and "associated correspondence." R. at 4. The Board also stated: "In addition, [Ms. George-Harvey] was advised of the specific [notice] requirements with respect to the issue adjudicated below by letter dated in April 2002." *Id.*

On appeal, Ms. George-Harvey argues that VA failed to provide her with the requisite notice in three ways. First, she argues that the only predecisional notice, the April 2002 letter, was misleading as to the time in which she could submit additional evidence. Appellant's Brief (Br.) at 4. Second, she argues that the April 2002 letter failed to provide notice of whether she or VA would be ultimately responsible for obtaining the evidence necessary to substantiate her claim. *Id.* at 7. Finally, she argues that because the notice in the April 2002 letter was defective, VA failed in its obligation to provide her with notice before the initial determination by the agency of original jurisdiction. *Id.* at 10.

The Secretary argues that the April 2002 letter was not misleading and adequately notified Ms. George-Harvey of each party's responsibility for obtaining evidence. Secretary's Br. at 5, 7-8. The Secretary also argues, in the alternative, that any noncompliance with the notice requirements was nonprejudicial because Ms. George-Harvey demonstrated actual knowledge of each party's responsibility by submitting evidence and because she failed to plead with specificity how she was prejudiced by inadequate notice. *Id.* at 8-10.

4

## II. ANALYSIS

### A. Laws Regarding Claim

Section 5103(a) of title 38, U.S. Code, requires that VA inform the claimant of (1) the information and evidence not of record that is necessary to substantiate the claim, (2) which portion of that information and evidence, if any, that the claimant is expected to provide, and (3) which portion of that information and evidence, if any, that VA will seek to obtain. 38 U.S.C. § 5103(a). In addition, 38 C.F.R. § 3.159(b)(1) (2006) imposes a fourth requirement that VA "request that the claimant provide any evidence in the claimant's possession that pertains to the claim." *See Pelegrini v. Principi,* 18 Vet.App. 112, 120 (2004). Failure to comply with any of these requirements may constitute remandable error. *See id.* at 121-22; *Quartuccio v. Principi*, 16 Vet.App. 183, 188 (2000). Whether a claimant has received adequate notice under the Veterans Claims Assistance Act is a "substantially factual determination" by the Board. *Mayfield v. Nicholson,* 444 F.3d 1328, 1335 (Fed. Cir. 2006) (*Mayfield II*). This Court has interpreted that language to mean that such a determination is reviewed under a "clearly erroneous" standard of review. *See Prickett v. Nicholson*, 20 Vet.App. 370, 378 (2006). "A factual finding 'is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Hersey v. Derwinski*, 2 Vet.App. 91, 94 (1992) (quoting *United States v. U.S. Gypsum Co., 3*33 U.S. 364, 395 (1948)).

"[VA's] duty of affirmative notification is not satisfied by various post-decisional communications from which a claimant might have been able to infer what evidence the VA found lacking in the claimant's presentation." *Mayfield II*, 444 F.3d at 1333. If the Court finds such error, it must "take due account of the rule of prejudicial error." 38 U.S.C. § 7261(b)(2)(Supp. 2007); *see Conway v. Principi*, 353 F. 3d 1369, 1374-75 (Fed. Cir. 2004). The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) recently held that a notice error in any of the four required elements "should be presumed prejudicial, requiring reversal unless [] VA can show that the error did not affect the essential fairness of the adjudication." *Sanders v. Nicholson*, ___ F.3d ___, ____, No. 06-7001, slip op. at 13-14 , 2007 WL 1427720 (Fed. Cir. May 16, 2007).

B. Misleading Notice

As to Ms. George-Harvey's first allegation of notice error, that the April 2002 letter was misleading as to the time limit for submitting evidence, the Court concurs. The first sentence in the disputed paragraph states categorically, "If the evidence is not received within **30 days**, your claim will be considered on the basis of the evidence we already have." R. at 292 (boldface in original). The paragraph then discusses submission of evidence within one year from the date of the letter, but only in the context of the earliest possible effective date. This information is confusing at best and misleading at worst. The Federal Circuit has stated that giving notice to claimants that they must submit evidence within 30 days is a misleading characterization of the law that may lead unsuspecting claimants to believe they must provide requested information or evidence within 30 days even though the statute unequivocally provides a claimant one year to submit evidence; such notice "ensures confusion and inefficiency, and is potentially prejudicial to claimant's statutory one-year period for providing information." *Paralyzed Veterans of Am. v. Sec'y. of Veterans Affairs*, 345 F.3d 1334, 1346 (Fed. Cir. 2003) (*PVA*).

Having found error, the Court must "take due account of the rule of prejudicial error." 38 U.S.C. § 7261(b)(2); *see Conway*, 353 F.3d at 1374-75. Any notice error will be presumed prejudicial unless VA can show that the error did not affect the essential fairness of the adjudication and persuade the Court that the purpose of the notice was not frustrated, for example by demonstrating "(1) that any defect was cured by actual knowledge on the part of the claimant, (2) that a reasonable person could be expected to understand from the notice what was needed, or (3) that a benefit could not have been awarded as a matter of law." *Sanders*, ___ F.3d at ___, slip op. at 7.

Here, the Secretary argues that Ms. George-Harvey had actual knowledge that she could submit evidence more than 30 days after the April 2002 letter, as demonstrated by the fact that she did submit new evidence after the 30-day period. In April 2003, she submitted letters from Dr. Brunst and Dr. Schoenfeld-Smith of the Vista Vet Center. The regional office considered Dr. Brunst's letter and the treatment records from the Vista Vet Center before issuing the May 2003 Statement of the Case. Ms. George-Harvey submitted additional evidence in July 2003, lay statements alleging that Mr. Harvey's use of alcohol was to self-medicate for his chronic pain. The

6

regional office considered this evidence before issuing its October 2003 Supplemental Statement of the Case.

The Secretary has demonstrated that the confusing notice given in the April 2002 letter as to the time limit for submitting evidence did not affect the essential fairness of the adjudication. Ms. George-Harvey arguably had actual knowledge that she could submit evidence more than 30 days after the date of the letter as demonstrated by the fact that she did so. Moreover, the agency of original jurisdiction considered such evidence. The Federal Circuit's concern in *Paralyzed Veterans of America* was that misleading notice about the one-year period in which to submit evidence would lead to claims being prematurely denied because claimants, believing they only had 30 days, would fail to submit additional information or evidence to substantiate their claims. *PVA*, 354 F.3d at 1346. Here, whether or not Ms. George-Harvey had actual knowledge that she could submit additional evidence after the 30-day period, she did in fact submit additional evidence and it was considered by the regional office. Thus, the purpose of the notice was not frustrated and the misleading notice error did not affect the essential fairness of the adjudication. *See Sanders*, ___ F.3d at ___, slip op. at 14. Thus, the misleading notice was not prejudicial to Ms. George-Harvey.

C.  Second and Third Element Notice

Ms. George-Harvey's second allegation of error is that the April 2002 letter did not explain which evidence, if any, VA was responsible for obtaining and which evidence, if any, she was responsible for obtaining; that is, it failed to comply with the second and third notice elements. Whether notice was adequate is a finding of fact by the Board that this Court reviews under the "clearly erroneous" standard. *See Mayfield II,* 444 F.3d at 1335; *Prickett*, 20 Vet.App. at 378. The April 2002 letter, while not a model of clarity, nevertheless did provide Ms. George-Harvey notice that, although VA would try to help her obtain such things as medical records, employment records, or records from other Federal agencies, she needed to identify the information to be sought and "It's still your responsibility to make sure these records are received by us." R. at 290. In addition, the letter explained the three elements necessary to establish entitlement for service-connected death benefits and discussed who should provide the evidence to show each element. Regarding the cause of death, the letter states: "This is usually shown by the veteran's death certificate or other evidence showing cause of death. You should give us this evidence." *Id*. Regarding a relationship between the cause of death and the in-service injury, disease, or event, the April 2002 letter said, "We will

7

request this medical evidence for you if you tell us about it. If appropriate, we may also try to get this evidence for you by requesting a medical opinion from a VA doctor, or you can give us a medical opinion from your own doctor." R. at 291. The Court finds that the Board's determination that this letter provided Ms. George-Harvey adequate notice was not clearly erroneous.

### D. Timing of Notice Error

Ms. George-Harvey's argument that VA failed to provide her with notice before the initial determination by the agency of original jurisdiction relies on her contentions that the notice provided in the April 2002 letter, the only predecisional document relied on by the Board, was inadequate. The Board relied on a variety of postdecisional documents to find that VA had complied with the notice provisions of 38 U.S.C. § 5103(a); such documents do not satisfy the duty to notify. *See Mayfield II*, 444 F.3d at 1333. However, the Board also stated, "In addition, [Ms. George-Harvey] was advised of the specific [notice] requirements with respect to the issue adjudicated below by letter dated in April 2002." R. at 4. Thus, the Board determined that the April 2002 notice letter alone satisfied VA's section 5103(a) duty-to-notify requirements. *See Prickett*, 20 Vet.App. at 376.

Because the notice error in the April 2002 letter, the confusing language concerning the time limits for submitting evidence, was not prejudicial to Ms. George-Harvey and the Board was not clearly erroneous in determining that that letter provided adequate notice, Ms. George-Harvey's argument that she did not receive adequate predecisional notice fails.

### III. CONCLUSION

Upon consideration of the foregoing, the May 13, 2004, Board decision is AFFIRMED.