﻿Citation Nr: AXXXXXXXX
Decision Date: 01/30/20 Archive Date: 01/30/20

DOCKET NO. 190919-32085
DATE: January 30, 2020

ORDER

Compensation for total disability based on individual unemployability (TDIU), effective November 26, 2018, is granted.

REMANDED

Entitlement to service connection for endocrine condition to include diabetes is remanded.

Entitlement to service connection for cardiovascular disease to include hypertension and coronary artery disease is remanded.

Entitlement to service connection for right knee condition to include degenerative joint disease is remanded.

Entitlement to service connection for genitourinary condition to include erectile dysfunction is remanded.

FINDING OF FACT

The evidence shows the Veteran’s service-connected disabilities prevent him from performing the physical and mental acts required for employment.

CONCLUSION OF LAW

The criteria for entitlement to TDIU compensation have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.340, 3.341, 4.16, 4.19.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the U.S. Marine Corps from January 1972 to August 1989.

1. Compensation for TDIU

The Veteran contends his service-connected disabilities prevent him from working. 

A total disability rating may be granted where the schedular rating is less than 100 percent and the veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. Generally, to be eligible for TDIU, a percentage threshold must be met. 38 C.F.R. §§ 3.340, 3.341, 4.16(a). 

The Veteran is currently service-connected for bipolar disorder, residuals of right ankle lateral malleolus fracture with tendonitis, tinnitus, and bilateral hearing loss. Beginning November 26, 2018, the date of his intent to file a claim for TDIU, his combined disability rating is 80 percent, which satisfies the threshold requirements. See 38 C.F.R. § 4.16(a). 

In determining unemployability for VA purposes, consideration may be given to the veteran’s level of education, special training, and previous work experience, but not to age or any impairment caused by nonservice-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19; Hersey v. Derwinski, 2 Vet. App. 91, 94 (1992); Faust v. West, 13 Vet. App. 342 (2000). The sole fact that a veteran is unemployed or has difficulty obtaining employment is not enough, as a high rating in itself is a recognition that the impairment makes it difficult to obtain and keep employment. The question is whether the veteran is capable of performing the physical and mental acts required by employment, not whether he or she can find employment. Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993) (citing 38 C.F.R. §§ 4.1, 4.15, 4.16(a)). See Rice, 22 Vet. App. at 452 (noting that, while “the rating schedule is based on the ‘average impairment in earning capacity caused by a disability,’... entitlement to TDIU is based on an individual’s particular circumstance”).

The criteria for compensation based on TDIU have been met. See 38 C.F.R. § 4.16. The Veteran’s application for TDIU shows he completed two years of college. His most-recent job was as a building maintenance worker for a large retailer. 

The January 2019 mental health examiner found the Veteran’s bipolar disorder would cause reduced reliability and productivity due to symptoms such as disturbances of motivation and mood, difficulty establishing and maintaining effective work relationships, and difficulty adapting to stressful circumstances, including work. During the January 2019 audiological examination, the Veteran reported difficulty communicating with background noise and sleep difficulty from tinnitus. The February 2019 examiner found his right ankle would impact his ability to perform occupational tasks by decreasing his ability to perform activities that required standing, walking, climbing, lifting, or bending. The Veteran reported being able to stand or walk for an hour, at most. 

In support of his claim, the Veteran submitted an evaluation by a vocational expert. During the telephone interview with the expert, he reported difficulty ambulating, anxiety around others hindering his ability to concentrate and remain on task, and experiencing weekly anxiety attacks when he was working. The evaluator found the records were consistent with an individual who is disabled and more likely than not unable to secure and follow substantially gainful employment. She noted that the Veteran’s ankle disability would prevent him from completing the physical requirements of even sedentary employment, which requires a certain degree of standing and walking. He would be unable to maintain focus and attention for two hours at a time because of constant interruption from his psychologically-based symptoms. She concluded that the Veteran was unable to secure or follow substantially gainful employment due to bipolar disorder, right ankle disability, tinnitus, and hearing loss.

The Board finds the Veteran’s reports of impairment along with the vocational expert’s opinion highly probative. The Board concludes the Veteran’s service-connected disabilities prevent him from securing and following substantially gainful employment in jobs to which he has the requisite training and education. Thus, TDIU compensation is warranted.

REASONS FOR REMAND

1. Entitlement to service connection for endocrine condition to include diabetes is remanded.

2. Entitlement to service connection for cardiovascular disease to include hypertension and coronary artery disease is remanded.

3. Entitlement to service connection for right knee condition to include degenerative joint disease is remanded.

4. Entitlement to service connection for genitourinary condition to include erectile dysfunction is remanded.

A duty-to-assist error occurred prior to the August 2019 statement of the case and the Veteran’s September 2019 election to have his appeal adjudicated under the Appeals Modernization System.

The evidence shows the Veteran has diabetes mellitus II, hypertension, coronary artery disease (CAD), right knee osteoarthritis, and erectile dysfunction disabilities. He contends these disabilities are secondary to, related to, or aggravated by his service-connected bipolar disorder (previously evaluated as major depressive disorder) and/or right ankle disability. Specifically, he reported starting to have difficulty achieving and maintaining an erection after his depression diagnosis and the pain from his right ankle being so severe it also made it difficult for him to achieve and maintain an erection. Regarding the right knee, he wrote that he began to walk unevenly from pain after developing his right ankle condition. For hypertension, CAD, and diabetes, he contends his mental health and right ankle disabilities decreased his activities, leading to weight gain, which caused or aggravated these diseases. 

The October 2018 examiner found the Veteran’s CAD, hypertension, and diabetes were more likely due to his gender, ethnicity, history of smoking for over 30 years, and family history of those diseases. The examiner explained that these are known risk factors for developing CAD, hypertension, and diabetes and that weight gain alone is not the cause of the conditions. The opinion is inadequate, because the examiner did not address aggravation. See Allen v. Brown, 7 Vet. App. 439 (1995) (en banc). A new opinion is needed to address whether the weight gain is at least as likely as not related to or aggravated by bipolar disorder and the right ankle and then whether the weight gain at least as likely as not aggravated (worsened) the CAD, hypertension, or diabetes.

Similarly, the examiner found the Veteran’s erectile dysfunction was age-related, exacerbated by his anti-hypertensive medication, and not caused by the right ankle or depression disabilities. The examiner also found that the knee osteoarthritis was age-related and unrelated to the right ankle disability. Again, the opinion is not adequate, because the examiner failed to address whether the service-connected disabilities could have aggravated the erectile dysfunction and right knee osteoarthritis. See Allen v. Brown, 7 Vet. App. 439 (1995) (en banc).

The matters are REMANDED for the following action:

1. Obtain new medical opinions on the Veteran’s hypertension, CAD, diabetes, erectile dysfunction, and right knee claims. The medical expert should review the claims file and address the following:

a. Is the Veteran’s weight gain at least as likely as not due to or aggravated (worsened) by his service-connected bipolar disorder and/or right ankle disabilities? 

b. Did the Veteran’s weight gain at least as likely as not aggravate (worsen) his hypertension?

c. Did the Veteran’s weight gain at least as likely as not aggravate (worsen) his CAD?

d. Did the Veteran’s weight gain at least as likely as not aggravate (worsen) his diabetes?

e. Is the Veteran’s erectile dysfunction at least as likely as not aggravated (worsened) by his service-connected bipolar disorder or right ankle disability? Consider his reports of having difficulty achieving and maintaining an erection after his depression diagnosis and when experiencing ankle pain.

f. Is the Veteran’s right knee osteoarthritis at least as likely as not aggravated (worsened) by his service-connected right ankle disability? Consider his reports of walking unevenly to compensate for right ankle pain.

If aggravation is found, please provide a baseline level of disability prior to aggravation.

All opinions must be supported by detailed rationale. If the opinion cannot be provided without resort to speculation, the medical expert should explain why, and state whether the inability is due to the absence of evidence or limits of scientific/medical knowledge.

 

 

A. S. CARACCIOLO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A.P. Armstrong, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.