Citation Nr: 1456915 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 12-28 902 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) and anxiety disorder.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Steven D. Najarian, Associate Counsel 


INTRODUCTION

The Veteran served on active duty in the Air Force from May 1966 to November 1969 and in the Marine Corps from December 1983 to July 1985.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Chicago, Illinois, which denied the Veteran's claim.

Although the Veteran's May 2009 claim is for entitlement to service connection for PTSD and no other psychiatric disability, the Board is expanding the Veteran's claim to include all acquired psychiatric disabilities. See Clemons v. Shinseki, 22 Vet. App.128 (2009) (stating that a claimant without medical expertise cannot be expected to precisely diagnose the mental illness causing his or her affliction). 

In March 2014 the Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge. A copy of the hearing transcript has been associated with the claims folder.

The Board has reviewed the Veteran's claims folder as well as the record maintained in the Virtual VA paperless claims processing system and the Veterans Benefits Management System (VBMS).

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.


REMAND

The Veteran seeks entitlement to service connection for PTSD. For the reasons expressed below, the Board finds that the issue of entitlement to an acquired psychiatric disorder, to include PTSD and anxiety disorder, must be remanded for additional evidentiary development.

In general, entitlement to disability benefits compensation requires (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999). The determination as to whether these requirements are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. See Baldwin v. West, 13 Vet. App. 1, 8 (1999).

Entitlement to service connection for PTSD requires that three elements be present: (1) medical evidence diagnosing PTSD; (2) combat status or credible supporting evidence that the claimed in-service stressors actually occurred; and (3) a link, established by medical evidence, between current symptomatology and the claimed in-service stressors. See 38 C.F.R. § 3.304(f) (2014); see also Cohen v. Brown, 10 Vet. App. 128 (1997).

The evidence necessary to establish that a claimed in-service stressor occurred varies depending on whether a veteran "engaged in combat with the enemy." See 38 U.S.C.A. § 1154(b) (West 2014); 38 C.F.R. § 3.304(d) (2014). If it is determined through military citation or other supportive evidence that a veteran engaged in combat with the enemy, and the claimed stressors are related to combat, a veteran's lay testimony regarding the reported stressors must be accepted as conclusive evidence as to their actual occurrence, and no further development or corroborative evidence will be necessary. Service department evidence that the veteran engaged in combat or that a veteran was awarded the Purple Heart, Combat Action Ribbon, or similar combat citation will be accepted, in the absence of evidence to the contrary, as conclusive evidence of the claimed in-service stressor. See 38 C.F.R. § 3.304(f) (2014).

If a stressor claimed by a veteran is related to the veteran's fear of hostile military or terrorist activity and a VA or VA-contracted psychiatrist or psychologist confirms that the claimed stressor is adequate to support a diagnosis of PTSD and that the veteran's symptoms are related to the claimed stressor, in the absence of clear and convincing evidence to the contrary, and provided the claimed stressor is consistent with the places, types, and circumstances of the veteran's service, the veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor. In this context, "fear of hostile military or terrorist activity" means that a veteran experienced, witnessed, or was confronted with an event or circumstance that involved actual or threatened death or serious injury, or a threat to the physical integrity of the veteran or others, . . . and the veteran's response to the event or circumstance involved a psychological or psycho-physiological state of fear, helplessness, or horror. See 38 C.F.R. § 3.304(f)(3) (2014)

With respect to the first element, a medical diagnosis of PTSD; the Veteran states that he encountered difficulty readjusting to civilian life after returning from Vietnam and continues to suffer from nightmares, flashbacks, and difficulty sleeping. See VA treatment record of October 2009, September 2010, and July 2013. He is receiving treatment for these issues and has been diagnosed as having anxiety disorder. See June 2009 VA treatment record. He has a "psychiatric condition requiring medication management for treatment, stabilization, and recovery." See August 2014 VA treatment record.

While the Veteran has complained of PTSD, VA clinicians have deferred a diagnosis of PTSD pending further evaluation of the impact of the Veteran's experiences in the Vietnam War. See March 2009 VA treatment record; October 2009 VA treatment record. The Veteran did score positively on a PTSD screening test consisting of four questions. See September 2010 VA treatment record. A clinician has also ruled out schizotypal disorder, obsessive-compulsive disorder, and "bipolar 1" based on the Veteran's history, but a "formal thought disorder" is considered possible. See July 2014 VA treatment record. It is theorized that "his chronic hypomanic behaviors represent a cyclothymic problem rather than bipolar disorder." See December 2013 VA treatment record. The Veteran has held employment and does not have suicidal or homicidal ideation. See July 2013 VA treatment record. His GAF score was 65 in July 2013 and 50 in September 2010. See December 2013 VA treatment record.

In July 2013, following a mental status examination, a formal psychiatric diagnosis was deferred, but a notation summarized the current assessment as follows: "[The Veteran] does not warrant psychiatric admission and is not certifiable. He is quite highly-functioning, exhibiting little if any social or occupational dysfunction as a result of his somewhat bizarre behavior. Based on current information, the patient does not meet criteria for any psychiatric diagnosis, though he may benefit from follow-up with Dr. [K] for further exploration of his questionable delusions and hypomania." See July 2013 VA treatment record. The July 2013 notation further described the Veteran as "experiencing subclinical symptoms of PTSD" and characterized him as "obsessive, if not frankly delusional" and showing symptoms of schizophrenia and hypomania.

With respect to the second element, the Veteran's claimed stressors, the Veteran states that he was exposed to traumatic events when on temporary duty assignments in Vietnam for up to four months at a time. See September 2010 notice of disagreement. He was stationed in the Philippines but estimates spending a total of one year in Vietnam on assignments. In September 2009, VA made a formal finding of a lack of information to verify a stressful event in connection with the Veteran's service, as well as a lack of evidence that he served in the Republic of Vietnam at all. The Veteran has submitted, however, a personnel record of June 1969 that confirms that he was in Vietnam in May 1969. He reports that in Vietnam he lived in fear, was often under hostile fire, and saw many extremely upsetting events. See September 2010 notice of disagreement; July 2013 VA treatment record. He was traumatized by a situation in which "a man who works in the rice paddies one minute and the next he's blasting you with an AK-47, and women who were paid money to clean the barracks one minute and the next minute want to kill you." See July 2009 Veteran statement.

Although the Veteran's service personnel records do not confirm the specific traumatic experiences that he reports, the Board finds that the Veteran's stressors are consistent with those of an individual working as a radar operator stationed in a hostile territory. Given the time period during which he served in Vietnam and the type of incidents that the Veteran has reported, the Board finds this information is sufficient to establish that he was exposed to significant, life-affecting stressors. See Pentecost v. Principi, 16 Vet. App. 124 (2002). The Board finds the Veteran's account of in-service stressors to be credible and sufficiently confirmed.

With respect to the third element, a nexus between the claimed in-service stressors and a current disability, VA has not yet obtained an opinion from a VA or VA-contracted psychiatrist or psychologist that is consistent with the requirements of 38 C.F.R. § 3.304(f) (2014). None of the medical evaluation of record provides an opinion as to the etiology of the Veteran's anxiety disorder or other psychiatric conditions. VA's duty to assist includes providing a medical examination and/or obtaining a medical opinion when necessary to decide a claim. See 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. §§ 3.159(c)(4), 3.326(a) (2014); McLendon v. Nicholson, 20 Vet. App. 79 (2006).

The stressors of witnessing certain events and living in fear of hostile military activity having been established, the determinative issue and focus of the analysis to follow is whether there is sufficient evidence of a relationship between confirmed stressors and any PTSD or other psychiatric diagnosis. The claims file should be provided to a VA or VA-contracted psychiatrist or psychologist, who, following a thorough review of the claims file, should provide a written opinion as to whether the Veteran's reported stressors are adequate to support a diagnosis of PTSD or other psychiatric disorder and whether the Veteran's symptoms are related to the claimed stressor(s). Further medical opinion that addresses any relationship between each diagnosed psychiatric disability and service would be helpful in resolving the expanded claim on appeal. See 38 U.S.C.A. § 5103A(d)(2) (West 2014); 38 C.F.R. § 3.159(c)(4)(i) (2014). An adequate medical opinion must contain not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

Accordingly, the case is REMANDED for the following actions:

1. Obtain and associate with the claims file all records of the Veteran's treatment for a psychiatric disability from Jesse Brown VAMC from July 2013 through the present and from VA Westside, Chicago from October 2014 through the present. All efforts to obtain these records must be documented in the claims file and shall continue until they are obtained or it is reasonably certain that they do not exist or that further efforts to obtain them would be futile.

2. After the Veteran has been given an adequate opportunity to submit additional evidence pertinent to his claimed in-service stressors and after all efforts have been exhausted to obtain and associate with the claims file any additional treatment records, schedule him for a VA psychiatric examination to determine the nature and etiology of any current psychiatric disability, including PTSD and anxiety disorder. All indicated tests and studies shall be conducted.

The claims folder, including this remand order and any relevant records contained in the Virtual VA system, must be sent to the examiner for review. The examiner shall answer all of the following questions:

(a) Is it at least as likely as not (50 percent or greater probability) that any current psychiatric disability of the Veteran had its onset in service, had its onset in the year immediately following service (in the case of any current psychosis), is related to his reported stressors and psychiatric symptoms in service, or is otherwise related to stressors or a disease or injury in service?

(b) If the Veteran meets the criteria for a diagnosis of PTSD, what are the stressors that support the diagnosis?

In formulating the above opinions, the examiner must acknowledge and comment on all possible psychiatric disabilities, all of the Veteran's reported stressors in service, and the reports of psychiatric symptoms in the years since service.

The examiner must provide a rationale for each opinion given. The mere statement of the examiner's expertise and/or a bare summary conclusion is not alone sufficient under the law to accomplish VA's legal obligation to assist the Veteran. By law, the Board must evaluate multiple factors in determining whether medical opinions are sufficient to evaluate a claim. These factors include, but are not limited to, whether the examiner explained the factual and medical bases for any opinion and whether the examiner was aware of all facts of record, reviewed the claims folder, and conducted any necessary clinical testing or interview with the Veteran.

The examiner shall give a reason for being unable to provide any opinion without resort to speculation and shall explain what additional evidence would be necessary before an opinion could be rendered. 

The absence of evidence of a particular stressor or of treatment for psychiatric problems in the Veteran's service records cannot, standing alone, serve as the basis for a negative opinion.

The examiner is advised that the Veteran is competent to report stressors in service, his symptoms, and his history, and that such reports, including those of a continuity of psychiatric symptomatology since service, must be specifically acknowledged and considered in formulating any opinion. The examiner must provide a reason for rejecting any report of the Veteran.

3. After conducting any additional indicated development, readjudicate the issue on appeal. If any benefit on appeal remains denied, the AOJ shall issue a supplemental statement of the case. Thereafter, the case shall be returned to the Board as appropriate.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court 

of Appeals for Veterans Claims for additional development or other appropriate action be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).





_________________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2014).