Citation Nr: 1532782 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 08-32 095 ) DATE
 )
 )
On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disability, to include post-traumatic stress disorder (PTSD). 

2. Entitlement to a compensable rating for bilateral hearing loss. 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

J. Andrew Ahlberg, Counsel
INTRODUCTION

The Veteran served on active duty from February 1984 to March 2006. 

The claims for consideration were previously before the Board of Veterans' Appeals (Board) on appeal from a January 2012 rating decision by the above Department of Veterans Affairs (VA) Regional Office (RO). These claims were remanded by the Board in August 2014 to schedule the Veteran for a hearing before a Veterans Law Judge. 

In May 2015, the Veteran was afforded a videoconference hearing pursuant to the provisions of 38 U.S.C.A. § 7107(e) (West 2014). During this hearing, the undersigned Veterans Law Judge was located in Washington, D.C., and the Veteran was located at the RO. A transcript of this hearing is of record, and the Veteran's representative submitted a waiver of initial RO consideration of evidence received at this hearing. 

With respect to some discussion at this hearing regarding the potential of filing a claim for total disability rating for compensation based on individual unemployability (TDIU), close inspection of the record reveals that a claim for this benefit was denied by the RO in a May 2015 rating decision promulgated after the hearing. As such, no further action with respect to this matter of entitlement to TDIU at this time is indicated. 

This appeal was processed using the Virtual VA (VVA) and Virtual Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of these electronic records 
 
The claim for a compensable rating for bilateral hearing loss addressed in the REMAND portion of the decision below requires additional development and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

Resolving all doubt in his favor, the Veteran has a current diagnosis of PTSD as a result of his in-service stressors related to his fear of hostile military activity coincident with his service in the Southwest Asia Theater of Operations during Persian Gulf War 

CONCLUSION OF LAW

The criteria for service connection for PTSD are met. 38 U.S.C.A. §§ 1110, 1131 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304(f) (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. VA's Duties to Notify and Assist

In view of the favorable outcome of the claim for service connection adjudicated herein, compliance with the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (2000) (codified at 38 U.S.C.A. §§ 5100, 5102-5103A, 5106, 5107, 5126 (West 2014) need not be discussed. 

II. Legal Criteria/Analysis

When there is an approximate balance in the evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. In Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990), the U. S. Court of Appeals for Veterans Claims (Court) held that an appellant need only demonstrate that there is an "approximate balance of positive and negative evidence" in order to prevail. The Court has also stated, "It is clear that to deny a claim on its merits, the evidence must preponderate against the claim." Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert.

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C.A. §§ 1110, 1141; 38 C.F.R. § 3.303. Service connection may be granted for any disease diagnosed after discharge from service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

To establish entitlement to service connection for PTSD the evidence must satisfy three basic elements. There must be 1) medical evidence diagnosing PTSD; 2) a link, established by medical evidence, between current symptoms of PTSD and an in-service stressor; and 3) credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f). A diagnosis of PTSD must be established in accordance with 38 C.F.R. § 4.125(a) which mandates that, for VA purposes, all mental disorder diagnoses must conform to the 4th edition of the American Psychiatric Association 's Diagnostic and Statistical Manual for Mental Disorders (DSM-IV). Id. An interim final rule was issued on August 4, 2014, that replaced the DSM-IV with the DSM-V. The provisions of this interim final rule do not apply to this case as these provisions only apply to applications for benefits that are received by VA or that are pending before the AOJ on or after August 4, 2014. 

If it is determined through military citation or other supportive evidence that a Veteran engaged in combat with the enemy, and the claimed stressors are related to combat, the Veteran's lay testimony regarding the reported stressors must be accepted as conclusive evidence as to their actual occurrence and no further development or corroborative evidence will be necessary. See 38 C.F.R. § 3.304(f). 

Effective July 13, 2010, VA has amended its adjudication regulations governing service connection for PTSD by liberalizing, in certain circumstances, the evidentiary standard for establishing the required in-service stressor. Specifically, the final rule amends 38 C.F.R. § 3.304(f) by redesignating paragraphs (f)(3) and (f)(4) as paragraphs (f)(4) and (f)(5), respectively, and by adding a new paragraph (f)(3) that reads as follows: 

If a stressor claimed by a Veteran is related to the Veteran's fear of hostile military or terrorist activity and a VA psychiatrist or psychologist, or a psychiatrist or psychologist with whom VA has contracted, confirms that the claimed stressor is adequate to support a diagnosis of [PTSD] and that the Veteran's symptoms are related to the claimed stressor, in the absence of, and provided the claimed stressor is consistent with the places, types, and circumstances of the Veteran's service, the Veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor. For purposes of this paragraph, "fear of hostile military or terrorist activity" means that a Veteran experienced, witnessed, or was confronted with an event or circumstance that involved actual or threatened death or serious injury, or a threat to the physical integrity of the Veteran or others, such as from an actual or potential improvised explosive device; vehicle-imbedded explosive device; incoming artillery, rocket, or mortar fire; grenade; small arms fire, including suspected sniper fire; or attack upon friendly military aircraft, and the Veteran's response to the event or circumstance involved a psychological or psycho-physiological state of fear, helplessness, or horror.

Once the claimed stressor has been verified, the Veteran's personal exposure to the event may be implied by the evidence of record. A Veteran need not substantiate his actual presence during the stressor event; the fact that the Veteran was assigned to and stationed with a unit that was present while such an event occurred strongly suggests that he was, in fact, exposed to the stressor event. See Pentecost v. Principi, 16 Vet. App. 124 (2002); Suozzi v. Brown, 10 Vet. App. 307 (1997).

Summarizing the pertinent evidence with the above criteria in mind, the Veteran's 
DD Form 214 reflects a military occupational specialty of a cannon crew member and service in the Southwest Asia Theater of Operations during the Persian Gulf War. The Veteran at a November 2010 VA examination reported as stressors coincident with this war time service a small arms attack on his artillery unit and witnessing dead and wounded soldiers. The examiner, while noting that the Veteran had met the criteria for PTSD of being exposed to a "traumatic event which involved believing his life was threatened, believing he could [be] physically injured in the situation, [and feeling] intense fear, helplessness and horror," found that a diagnosis of PTSD could not be made under DSM IV because he did not meet the criteria "substantial reexperiencing symptoms." 

Positive evidence in support of the Veteran's claim is the following May 2015 statement by a VA psychiatrist submitted by the Veteran's representative at the hearing before the undersigned: 
 
[The Veteran] has been diagnosed with and is being treated for military related PTSD, he meets the DSM 5 criteria including the stressor criteria. Diagnosis was likely delayed due to minimization of severity of symptoms. 

While the DD Form 214 does not definitively document combat service, the Veteran has presented a stressor related to fear of hostile military activity during his documented service in the Southwest Asia Theater of Operations during the Persian Gulf War. Thus, as the claimed stressor is consistent with the places, types, and circumstances of this service, apparently in an artillery unit, there has been some, at least general, corroboration of this stressor. As there is otherwise no clear and convincing evidence that none of these stressors occurred, the Board will concede that the Veteran was exposed to a stressor in service adequate to support a diagnosis of PTSD. 75 Fed. Reg. 39,843 (July 13, 2010), with correcting amendments at 75 Fed. Reg. 41.092 (July 15, 2010) as codified at 38 C.F.R. § 3.304(f)(3) (2012). In addition, to the extent the Veteran's "actual presence" at a stressful event may not be established by official service department records, the fact that the Veteran was assigned to and stationed with a unit that was present in Southwest Asia Theater of Operations during a period of time when the described stressful events occurred is sufficient to find that the Veteran was exposed to a stressor in this case. 
See Pentecost, Suozzi, supra. 

Given that the record establishes the occurrence of a stressor sufficient to produce PTSD and the diagnosis of PTSD in accordance with 38 C.F.R. § 3.304(f) rendered in May 2015, the Board resolves any reasonable doubt in favor of the Veteran and finds that he has a current diagnosis of PTSD as a result of his in-service stressor related to his fear of hostile military activity coincident with his service in the Southwest Asia Theater of Operations during the Persian Gulf War. Accordingly, service connection for PTSD is warranted. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert, supra. 

ORDER

Service connection for PTSD is granted.

REMAND

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the claim for a compensable rating for bilateral hearing loss so that the Veteran is afforded every possible consideration. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2014).

At the May 2015 hearing before the undersigned, the Veteran referenced having undergone audiometric testing at a VA facility in Fayetteville, Arkansas in the past five or six months. May 18, 2015, Hearing Transcript, page 6. The most recent treatment report of record from a VA facility in Fayetteville is dated in June 2014, and the most recent report from treatment in a VA audiology clinic is dated in that month. See VA Audiology Consult dated June 12, 2014. Such records as reports from audiometric testing five or six months prior to the May 2015 hearing, if they exist, are considered constructively in the possession of VA adjudicators during the consideration of a claim, regardless of whether those records are physically on file. See Dunn v. West, 11 Vet. App. 462, 466-67 (1998); Bell v. Derwinski, 2 Vet. App. 611, 613 (1992). Hence, the AOJ upon remand will be requested to obtain all outstanding, pertinent records of VA evaluation and/or treatment of the Veteran, to include the records identified above, following current procedures prescribed in 38 C.F.R. § 3.159(c)(2) with regard to requests for records from Federal facilities.

The Board notes that the most recent VA audiometric findings of record are contained in the reports from a VA examination conducted over three years ago in March 2012, and the Veteran testified at his May 2015 hearing that, essentially, his hearing loss has either worsened since this examination, or that the severity of his hearing loss was not adequately assessed at this examination. In this regard, he testified that his hearing loss is so severe as to require the use of hearing aids in each ear. May 18, 2015, Hearing Transcript, page 7. 

Given the time that has elapsed since the March 2012 VA audiometric examination and the assertions as to possible worsening hearing, the AOJ will be directed to afford the Veteran a VA audiometric examination so as to determine the current severity of his service-connected bilateral hearing loss. See 38 U.S.C.A. § 5103A(d) (West 2014); 38 C.F.R. § 3.326 (2014); see also Green v. Derwinski, 1 Vet. App. 121, 124 (1991); Snuffer v. Gober, 10 Vet. App. 400 (1997); Proscelle v. Derwinski, 2 Vet. App. 629, 632 (1992).

Accordingly, the case is REMANDED for the following action:

1. Obtain all outstanding, pertinent records of VA evaluation and/or treatment of the Veteran, to include, should they exist, reports of treatment for hearing loss not of record. Follow the procedures set forth in 
38 C.F.R. § 3.159(c)(2) with respect to requesting records from Federal facilities. All records/responses received should be associated with the claims file.

2. Schedule the Veteran for a VA examination to determine the current severity of his bilateral hearing loss. The record and a copy of this remand must be made available for review of the Veteran's pertinent medical history.

The examiner should conduct audiometric testing and report the resulting auditory thresholds, in decibels, for the frequencies of 1000, 2000, 3000, and 4000 Hertz. A Maryland CNC Test should also be administered to obtain speech recognition scores. The examiner is specifically requested to describe the functional effects caused by the Veteran's bilateral hearing loss. Any additional evaluations, studies, and tests deemed necessary by the examiner should be conducted.

All opinions provided should be supported by a clear rationale.

3. After completing the above, and any other development as may be indicated, the claim for an increased rating for bilateral hearing loss should be readjudicated based on the entirety of the evidence. To the extent this does not result in a complete grant of all benefits sought in connection with this claim, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs