http://www.va.gov/vetapp16/Files3/1621765.txt

Citation Nr: 1621765 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 08-25 443 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri

THE ISSUE

Entitlement to service connection for an acquired psychiatric disability, to include posttraumatic stress disorder (PTSD), cognitive disorder not otherwise specified (NOS), and a pain disorder, but excluding a depressive disorder.

REPRESENTATION

Appellant represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

T. Stephen Eckerman, Counsel

INTRODUCTION

The Veteran had active service from March 1966 to March 1969. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) which denied a claim of service connection for PTSD. 

In October 2014, the Board remanded the claim for additional development. In its remand, the Board stated that the Veteran's claim of service connection for an acquired psychiatric disability had previously been characterized as a claim for service connection for PTSD, but that as the record includes several other psychiatric diagnoses, the Board had recharacterized the claim to afford the Veteran the broadest scope of review. See Clemons v. Shinseki, 23 Vet. App. 1, 5-6 (2009).

This appeal was processed using the VBMS and Virtual VA paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Veteran argues that he has PTSD as a result of his service. He initially reported being harassed during basic training in 1966, and during service in Korea. See Veteran's stressor statement (VA Form 21-0781a), received in October 2010. 

In a subsequently received statement, he stated that during basic training in Ft. Polk, Louisiana, an officer (Second Lieutenant B.) physically assaulted him, to include pinching and kicking him, and head-butting him in the chest with his helmet on. He states that Lt. B also verbally abused him, to include the use of sexual innuendo. He reports that he did not seek treatment during service because he thought it would result in additional harassment. See Veteran's statement, received in May 2011. 

He has stated that he reported the abuse, but that it never got into his files. See Veteran's letter, received in November 2014. 

The Veteran's service treatment records do not appear to show any relevant treatment. His separation examination report, dated in February 1969, shows that his psychiatric condition was clinically evaluated as normal. He denied any relevant psychiatric symptoms in an associated report of medical history.

As for the post-service medical evidence, it includes private reports, dated beginning in 1995, which note depression, as well as chronic pain from fractured vertebrae following an accident. 

VA progress notes show that the Veteran reported a family history of depression, and a personal history of childhood verbal and physical abuse, as well as military sexual trauma (MST) and "harsh treatment" while in boot camp and/or during service in Korea. The reports note a history of head trauma after falling out of a tree in 1993 (some notations indicate this was in 1995), and a motor vehicle accidence in 2006. His diagnoses include depressive disorder NOS (not otherwise specified), cognitive disorder NOS, rule out pain disorder associated with psychological factors and GMC (general medical condition), and rule out PTSD (childhood and non-combat trauma). See e.g., VA progress notes, dated in July 2011 and September 2012. VA "problem lists" note disorders that include memory loss, and PTSD.

A statement from a VA social worker, R.B., dated in November 2011, shows that the social worker stated that, in his opinion, the Veteran has PTSD symptoms that are linked to military service. 

A statement from a VA adult psychiatric mental health nurse/clinical nurse specialist, received in December 2011, shows that she states that she has been treating the Veteran since January 2010, that the Veteran has chronic psychiatric symptoms, and that he has been referred to a PTSD counselor for further diagnostic clarification. 

As an initial matter, effective August 4, 2014, VA amended the portion of its Schedule for Rating Disabilities that addressed mental disorders to remove outdated references to the DSM and to replace them with references to the recently updated DSM-5. The provisions of the interim final rule applied to all applications for benefits that are received by VA or that are pending before the agency of original jurisdiction on or after August 4, 2014. The Secretary did not intend for the provisions of the interim final rule to apply to claims that had been already certified for appeal to the Board, or that were pending before the Board, the Court, or the United States Court of Appeals for the Federal Circuit. See 79 Fed. Reg. 45,093 - 45,094 (Aug. 4, 2014). In this case, the new provision is not for application, as the claim was adjudicated by the RO in April 2011.

The Veteran is not currently shown to have received commendations or awards that warrant the conclusion that he participated in combat. See VAOPGCPREC 12-99 at 12; 65 Fed. Reg. 6256 -6258 (2000); VBA's Adjudication Procedure Manual, M21-1MR (hereinafter "M21- 1MR"), Part III.iv.4.H.29.b, c. As it is not shown the Veteran engaged in combat, his assertions of service stressors are not sufficient to establish the occurrence of such events. Rather, his alleged service stressors must be established by official service records or other credible supporting evidence. 38 C.F.R. § 3.304(f) (2015); Pentecost v. Principi, 16 Vet. App. 124 (2002); see also M21-1MR, Part III.iv.4.H.29.a, i.

In order to establish service connection for PTSD, the evidence of record must include a medical diagnosis of the condition in accordance with 38 C.F.R. 
 § 4.125(a); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f).

There are special considerations for PTSD claims predicated on a personal assault. The pertinent regulation, 38 C.F.R. § 3.304(f)(5), provides that PTSD based on a personal assault in service permits evidence from sources other than a veteran's service records which may corroborate his or her account of the stressor incident. Examples of such evidence include, but are not limited to: records from law enforcement authorities, rape crisis centers, mental health counseling centers, hospitals, or physicians; pregnancy tests or tests for sexually transmitted diseases; and statements from family members, roommates, fellow service members, or clergy. 38 C.F.R. § 3.304(f)(5). VBA's Adjudication Procedure Manual also identifies alternative sources for developing evidence of personal assault, including private medical records, civilian police reports, reports from crisis intervention centers, testimonial statements from confidants such as family members, roommates, fellow service members, or clergy, and personal diaries or journals. VBA Manual M21-1, IV,ii,1.D.17.n. 

Evidence of behavior changes following the claimed assault is one type of relevant evidence that may be found in these sources. Examples of behavior changes that may constitute credible evidence of the stressor include, but are not limited to: a request for a transfer to another military duty assignment; deterioration in work performance, substance abuse, episodes of depression, panic attacks, or anxiety without an identifiable cause; or unexplained economic or social behavior changes. 38 C.F.R. § 3.304(f)(5).

If a PTSD claim is based on an in-service personal assault, medical opinion evidence may be submitted for use in determining whether the occurrence of a stressor is corroborated. Menegassi v. Shinseki, 638 F.3d 1379, 1382 (Fed. Cir. 2011). Specifically, 38 C.F.R. § 3.304(f)(5) allows Veterans claiming PTSD from an in-service military assault to submit evidence other than in-service medical records to corroborate the occurrence of a stressor, and this includes medical opinion evidence. Id. However, that the Board may still weigh any such medical opinion evidence in context with other record evidence, and that the mere submission of a medical opinion does not preclude the Board from making a factual determination regarding the weight to be given to that opinion. Id. at n.1; see also 67 Fed. Reg. at 10,330-31 (Mar. 7, 2002).

The Board finds that a remand is required. In a statement, received in January 2015, the Veteran reported that he had additional VA treatment records that were relevant to his claim. On remand, these should be obtained. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c) (2015); Bell v. Derwinski, 2 Vet. App. 611 (1992). 

Furthermore, it does not appear that an attempt has been made to verify any of the claimed stressors, nor does it appear that a formal finding has been made stating that an attempt at documentation is not warranted due to a lack of sufficient information. See M21-1MR, Part IV.ii.1.D.16.a. On remand, an attempt should be made to determine whether sufficient details have been provided to warrant an attempt to verify any of the claimed stressors.

If one or more of the claimed stressors are verified, or if otherwise warranted for claims based on a personal assault, the Veteran should be afforded an examination, and an etiological opinion should be obtained.

The Veteran is advised that it is his responsibility to report for any examination and to cooperate in the development of his claim. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. § 3.655 (2015).

Accordingly, the case is REMANDED for the following action:

1. Ask the Veteran to identify all VA and private health care providers who have treated him for any relevant psychiatric symptoms after 2014, the records of which are not currently associated with the claims file. Should any such treatment be identified, after securing any necessary releases, an attempt should be made to obtain these records.

2. Determine whether sufficient details have been provided to warrant an attempt to verify one or more of the claimed stressors. 
 
3. If it is determined that sufficient details have been provided so as to warrant an attempt to verify one or more the claimed stressors, attempt to verify the in-service stressor(s). 

Specifically, prepare a letter asking the U.S. Army and Joint Services Records Research Center (JSRRC) to provide any available information which might corroborate the Veteran's claimed stressors. Provide the JSRRC with a description of the Veteran's claimed stressors (i.e., those that have been deemed to have been described with sufficient detail to warrant an attempt at verification), and with copies of the Veteran's personnel records showing service dates, duties, and units of assignment. 
 
4. If it is determined that sufficient details have not been provided to warrant an attempt to verify one or more of the claimed stressors, the RO should make a formal finding to the effect that an attempt at documentation is not warranted due to a lack of sufficient information. 
 
5. If, and only if, one or more claimed stressors is/are verified, or if otherwise warranted for claims based on a personal assault, schedule the Veteran for a VA psychiatric examination to determine his correct diagnosis(es), to include whether he has PTSD under the criteria as set forth in DSM- IV. The RO should provide the examiner with a summary of the verified stressors (as well as any evidence pertaining to changes in behavior at the time any claimed personal assault, if appropriate). The claims files should be provided to the examiner in connection with the examination. All necessary studies or tests, including appropriate psychological testing and evaluation, is to be accomplished. 

The requested opinion requires a finding regarding the Veteran's overall credibility.

a) If PTSD is found, the examiner should provide an opinion as to whether it is at least as likely as not (i.e., whether there is a 50 percent or greater likelihood) that his PTSD was caused or aggravated by his active duty service, from March 1966 to March 1969. The examiner must state the stressor(s) relied upon to support the diagnosis, and the examiner must discuss any documented behavior changes following the verified in-service incidents. 

b) If an acquired psychiatric disorder other than PTSD is found, the examiner should provide an opinion as to whether it is at least as likely as not (i.e., whether there is a 50 percent or greater likelihood) that the Veteran's acquired psychiatric disorder (other than PTSD) had its clinical onset during his period of active duty (from March 1966 to March 1969).

c) A detailed review of the records in this case is required. The critical question in this case is whether the Veteran has an acquired psychiatric disorder that is related to service. Indications, if any, that the Veteran is an inaccurate historian of his illness should be noted for the record. The report of examination should include the complete rationale for all opinions expressed. 
 
d) The term "at least as likely as not" does not mean within the realm of medical possibility, but rather the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it.

6. This is a complex case. To help avoid future remand, ensure that all requested action has been accomplished (to the extent possible) in compliance with this REMAND. If any action is not undertaken, or is taken in a deficient manner, appropriate corrective action should be undertaken. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

7. Readjudicate the claim. If the benefits sought are not granted, the Veteran and his representative should be furnished a supplemental statement of the case, and be afforded the applicable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
JOHN J. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).