﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 200331-74961
DATE: May 29, 2020

ORDER

Entitlement to special monthly compensation (SMC) based on aid and attendance is denied.

REMANDED

Entitlement to service connection for post-traumatic stress disorder (PTSD) is remanded.

FINDING OF FACT

1. The Veteran does not have a 100 percent rating for a single disability. 

2. The evidence does not show the Veteran is rendered so helpless due to his service-connected disability as to require regular aid and attendance. 

CONCLUSION OF LAW

The criteria for SMC have not been met. 38 U.S.C. §§ 1114, 5107; 38 C.F.R. §§ 3.350, 3.352.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the Marine Corps from October 1960 to October 1964. These matters are on appeal to the Board of Veterans’ Appeals (Board) from a March 2020 rating decision. The Veteran timely appealed seeking direct review of the Agency of Original Jurisdiction’s decision.

The March 2020 rating decision found the Veteran’s SMC claim to be reopened; however, the Board finds that this was erroneous as the September 2019 rating decision did not become final before the Veteran re-filed in January 2020. Because the decision was not final, the claim remained open and new and relevant evidence was not required. See 38 U.S.C. § 7105 (b)(2); 38 C.F.R. §§ 3.160; 20.201. As such, the issue is not before the Board and will not be addressed in this decision. 

Entitlement to SMC based on aid and attendance

Compensation at the aid and attendance rate is payable when a Veteran’s service-connected disability or disabilities cause the anatomical loss or loss of use of both feet or one hand and one foot, cause the Veteran to be blind in both eyes, or render him permanently bedridden or so helpless as to be in need of regular aid and attendance. 38 U.S.C. § 1114 (l); 38 C.F.R. § 3.350 (b).

SMC at the housebound rate is payable when a veteran has a single service-connected disability rated 100 percent and (1) has additional service-connected disability or disabilities independently ratable at 60 percent, separate and distinct from the 100 percent service-connected disability and involving different anatomical segments or bodily systems; or, (2) is permanently housebound by reason of service-connected disability or disabilities. 38 U.S.C. § 1114 (s); 38 C.F.R. § 3.350 (i)(1).

The Veteran is currently rated at 10 percent for bilateral tinnitus. Thus, he does not have a single service-connected disability rated at 100 percent and is not entitled to SMC at the housebound rate. Whether he is in need of regular aid and attendance pursuant to 38 U.S.C. § 1114 (l) is a factual determination.

Determinations as to the need for regular aid and attendance are factual and must be based upon the actual requirements for personal assistance from others. In making such determinations, consideration is given to such conditions as: the inability of the claimant to dress or undress himself, or to keep himself ordinarily clean and presentable; frequent need of adjustment of any special prosthetic or orthopedic appliances which by reason of the particular disability cannot be done without assistance; the inability of the claimant to feed himself through loss of coordination of upper extremities or through extreme weakness; the inability to attend to the wants of nature; or incapacity, either physical or mental, which requires care or assistance on a regular basis to protect a claimant from hazards or dangers incident to one’s daily environment. It is not required that all of the disabling conditions enumerated be present before a favorable rating is made.

The particular personal functions that the claimant is unable to perform should be considered in connection with his condition as a whole. It is only necessary that the claimant be so helpless as to be in need of regular aid and attendance, not that there is a constant need. “Bedridden” constitutes a condition which, through its essential character, actually requires that an individual remain in bed. The fact that a claimant has voluntarily taken to bed, or that a physician has prescribed bed rest for a lesser or greater portion of the day, will not suffice. 38 C.F.R. § 3.352 (a).

In Turco v. Brown, 9 Vet. App. 222, 224 (1996), the Court held that eligibility for SMC by reason of regular need for aid and attendance requires that at least one of the factors set forth in VA regulation is met. In addition, determinations that the claimant is so helpless as to be in need of regular aid and attendance will not be based solely upon an opinion that the claimant’s condition is such as would require him or her to be in bed. They must be based on the actual requirement of personal assistance from others. See Turco, 9 Vet. App. at 224. The evidence must show that the claimant is so helpless as to need regular and attendance; constant need for aid and attendance is not required. 38 C.F.R. § 3.352 (a).

SMC is an additional level of compensation for various levels of impairment solely due to service-connected disabilities. While the Veteran has several physical disabilities, he is only service connected for bilateral tinnitus. The evidence does not show, and the Veteran does not allege aside from his claim, that he is in need of regular aid and attendance due to his tinnitus. Rather, the submitted VA 21-2680 examinations indicate that the Veteran’s post-service leg amputation rendering him wheelchair bound is the predominate reason he is in need of regular aid and attendance. Thus, the Veteran is not in need of regular aid and attendance due to his service-connected disabilities, and entitlement to SMC must be denied.

The Board has also considered whether this claim is inextricably intertwined with his claim for PTSD. However, the evidence indicates that the Veteran’s physical disabilities render him in need of regular aid and attendance, rather than his mental disabilities. Therefore, the Board finds that the two claims are not inextricably intertwined. 

REASONS FOR REMAND

Entitlement to service connection for post-traumatic stress disorder (PTSD) is remanded.

The Veteran claims that his psychiatric disorders began in service. Although the Veteran filed for service connection specifically for PTSD, the Board has recharacterized the claims as indicated above to afford the Veteran the broadest possible scope of review. See Clemons v. Shinseki, 23 Vet. App. 1, 5-6 (2009). 

To substantiate a claim of entitlement to service connection, there must be evidence of: (1) the current existence of the disability being claimed or, at the very least, indication of its existence at some point since or contemporaneous to the filing of the claim; (2) incurrence or aggravation of a relevant disease or an injury in service; and (3) a correlation, i.e., “nexus”, between the disease or injury in service and the current disability. See Shedden v. Principi, 381 F.3d 1153, 1166-1167 (Fed. Cir. 2004); 38 C.F.R. § 3.303 (a). 

Service connection for PTSD requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125 (a); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304 (f). When the evidence does not establish that a Veteran is a combat Veteran, her assertions of service stressors are not sufficient to establish the occurrence of such events. Rather, her reported service stressors must be established by official service record or other credible supporting evidence. 38 C.F.R. § 3.304 (f); Pentecost v. Principi, 16 Vet. App. 124 (2002).

Pursuant to McLendon v. Nicholson, an examination is required when there is: (1) evidence of a current disability; (2) evidence establishing an in-service incurrence; (3) an indication that the current disability may be related to the in-service incurrence; and (4) insufficient evidence to decide the case. McLendon, 20 Vet. App. 79, 81-83 (2006) (holding the threshold for determining whether the evidence indicates the current disability may be related to the in-service event is a low one); see also 38 U.S.C. § 5103A (d)(2). 

The Veteran is diagnosed with major depressive disorder and PTSD through treatment at the Chattanooga CBOC pursuant to the DSM-5 criteria. While the Veteran did not return the December 2019 development letter requesting details of an in-service stressor, there is evidence of an in-service stressor throughout his treatment records. At several mental health appointments, the Veteran attributed his PTSD to an incident while he was serving on the waters near Cuba. He endorsed flashbacks, nightmares, intrusive memories, and visual hallucinations of this particular incident. These reports are evidence of an in-service incurrence and a potential nexus; as there is no credible medical opinion of record, a VA examination is required. 

The matter is REMANDED for the following action:

Schedule a VA examination of the Veteran to determine the nature and etiology of any psychiatric disorders, to include his diagnosed PTSD and major depressive disorder. The claims file should be made available to the examiner, and the examiner should specifically address the Veteran’s contentions of in-service stressors. The rationale for any opinion offered should be provided. 

The examiner should respond to the following: 

A) Identify all manifestations of the Veteran’s psychiatric disorders. 

B) Is it at least as likely as not (i.e., 50 percent or greater probability) that the Veteran’s psychiatric disorders are related to his service? 

 

 

L. M. BARNARD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Carroll, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.